UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERIC TUTTOBENE; TIMOTHY MARK       )
BYRD; ROBERT SOUVANNARETH;         )
WILLIAM F. KYTE; JEANNIE POND;     )
DERROLD NASH; ANTHONY PETITTI,     )
JR.; J. REID CARLETON; JEFF        )
HEYBROCK; GREGORY TODD BYRD;       )
JOHN PIERCE; JAMES CHANDLER        )
BECK; SAMUEL ALLEN BARE;           )
and TODD BOE,                      )        No. 3:10-0978
                                   )        Judge Nixon/Brown
          Plaintiffs               )        **Jury Demand**
                                   )
v.                                 )
                                   )
THE ASSURANCE GROUP, INC.;         )
EDWARD LEE SHACKELFORD;            )
BEVERLY HACKWORTH SHACKELFORD;     )
WILLIAM CURT KLEIN; MARK CARTER;   )
and DUANE VESTAL,                  )
                                   )
          Defendants               )

# O R D E R

A lengthy telephone conference was held with the parties
in this matter on April 25, 2011.  The Plaintiffs have proposed a
number of third-party subpoenas to insurance companies seeking
information about policies written by each agent, the premiums of
those policies sent to the Defendants, and the commissions paid by
the Defendants to the Plaintiffs.

The Defendants advise that they do have this information
in their records which they are willing to provide subject to a
protective order.  It appears to the Magistrate Judge that a
protective order is appropriate in this case and the Magistrate
Judge would suggest that terms of the protective order allow the

information provided to be discussed by counsel for the Plaintiffs with the Plaintiffs who wrote the policies. The Magistrate Judge understands that there are concerns about sharing this information with other Plaintiffs. It also appears that some of the policies involve Medicaid/Medicare managed care policies which have additional restrictions on disclosure.

Once that information is provided, Plaintiffs' counsel may select three Plaintiffs, and from each of those three Plaintiffs, may serve third-party subpoenas on two insurance companies who made payments for policies written by the three Plaintiffs seeking full information to verify the figures reported by the Defendants.

This procedure should alleviate the very substantial problems if subpoenas were issued to every insurance company who had written policies for every Plaintiff. That procedure would generate an incredible amount of documentation and would undoubtedly generate a good bit of secondary litigation with the subpoenaed companies filing motions to quash.

While the procedure suggested by the Magistrate Judge does not totally eliminate the possibility of motions to quash by the receiving companies, it should certainly minimize the potential for additional litigation, and at the same time, allow the Plaintiffs a snapshot to see if their allegations concerning

incorrect information provided them by the Defendants is confirmed or not.

Plaintiffs' counsel advised that he had been contacted by a number of other individuals who were considering joining this suit. He stated that he thought there were approximately six who were very serious about entering and he would, in all likelihood, be filing a motion to amend to add these individuals as plaintiffs. There are a number of other individuals who have contacted him who have not signed contracts, and there are a number of individual agents who are apparently contemplating filing their own lawsuits in North Carolina, which is the home location for a number of the alleged activities.

The parties advised that they would work with dates and would likely submit an agreed order setting forth a deadline for motions to amend.

The Magistrate Judge appreciates the willingness of the attorneys to work through what is potentially a very expensive and time-consuming procedure.

If necessary, the Magistrate Judge can revise the present scheduling order and secure a new trial date from Judge Nixon.

At the present time the Defendants' motion to dismiss (Docket Entry 5) remains pending before Judge Nixon.

It is so ORDERED.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge