UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERIC TUTTOBENE, *et al.*,           )
                                    )
        Plaintiffs                  )
                                    )    No. 3:10-0978
v.                                  )    Judge Sharp/Brown
                                    )    **Jury Demand**
THE ASSURANCE GROUP, INC., *et al.*, )
                                    )
        Defendants                  )

## O R D E R

A telephone conference was held with the parties to resolve the issue of an audit of payments by the Defendants to the various Plaintiffs. Pursuant to the Magistrate Judge's order (Docket Entry 117), the parties submitted protocols to the Magistrate Judge (Docket Entries 120 and 121).

Unfortunately, from the Magistrate Judge's standpoint, the submissions appeared to be ships passing in the night as there was very little joint agreement. Accordingly, at the telephone conference, the Magistrate Judge attempted to resolve the differences and to get an audit on track. As the Magistrate Judge has pointed out several times before, this is a case that was filed in 2010 and is now set for trial on March 31, 2015.

The Magistrate Judge has considered both a special master under Federal Rules of Civil Procedure 53, as well as an expert witness under Rules of Evidence 706. The Magistrate Judge believes that an appointment of an expert witness would be the most efficient way to proceed in this case. The Magistrate Judge briefly

reviewed the web sites of the three firms suggested by the parties. It appears that the firm of Carr Riggs & Ingram would be most appropriate. They are a firm that advertises expertise in litigation support to include special audits.

Provided the firm is willing to accept employment as a court expert under Rule 706, the Magistrate Judge will appointment them as the Court's expert witness in this matter. The parties are directed to transmit a copy of this order to the firm and to schedule, as soon as practicable, a meeting with the firm to determine whether they are willing to accept such an appointment and to begin initial discussions about the scope of audit with a best estimation for a completion of an expert report, and at least a rough estimate of the costs, depending on the scope of the audit.

The Magistrate Judge would expect the audit report to consider data from either 2004 or 2006 forward. The exact start date would be determined at a later conference with the appointed expert and the parties to (1) reconcile the information on 1099s issued to the Plaintiffs; (2) compile records of all payments for the benefit of Plaintiffs or their subagents to the Defendants by any insurance company for which the Defendants provide services that include payments to the Plaintiffs; (3) a report on all deductions from the gross amounts determined in (2) above; (4) any other examinations which the parties believe should be included, or

which the appointed expert firm believe are necessary for a complete expert report.

Provided Carr Riggs & Ingram is willing to undertake this appointment, a hearing is set for **1:30 p.m., Monday, September 8, 2014,** to finalize an appointment order for the firm. The lead auditor for the firm should attend this hearing.

As an initial matter the reasonable costs of such an audit will be borne by the Defendant. The final apportionment of the cost of the audit will be determined by either the agreement of the parties or by the Court following a resolution of the case.

It is so ORDERED.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge